UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

**RHONDA MATTSON,**
140 E Thomas St Apt 8,
Rice Lake, WI  54868

        Plaintiff,

**-vs-**

**KOHN LAW FIRM, S.C.**
735 N Water St #1300,
Milwaukee, WI 53202

-and-

**Cavalry SPV LLC,**
500 Summit Lake Drive,
Valhalla, NY  10595

        Defendants.

Case No.  17-CV-291

---

## COMPLAINT

---

Plaintiff Rhonda Mattson, by and through her attorneys Lawton & Cates, S.C. and Attorney Briane F. Pagel, hereby alleges as follows:

### Parties

1. Plaintiff Rhonda Mattson is a Wisconsin resident with an address as shown in the caption hereto.

2. Upon belief, defendant Kohn Law Firm, S.C. is a Wisconsin corporation with an address of 735 North Water Street, Suite 1300, Milwaukee, WI 53202-4106.

3. Upon information and belief, defendant Cavalry SPV LLC is a debt buyer with an address of 500 Summit Lake Drive, Valhalla, NY 10595.

**Jurisdiction of the Court and Venue**

4. Jurisdiction of the Court arises pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

5. This action arises out of the defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (the "FDCPA") and the Wisconsin Consumer Act.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the acts and transactions occurred here.

**Factual Background**

7. A summons and complaint was filed against plaintiff Ms. Mattson in Douglas County Circuit Court, Wisconsin, in July 2010, resulting in a default judgment being entered against her in November 2010. This took place in Douglas County case number 10 CV 374 (the "Douglas County case").

8. The Douglas County case arose out of a credit transaction in which Ms. Mattson was alleged to have incurred debt on credit for personal, financial and household reasons, and which debt was less than $25,000.

9. After the alleged debt in the Douglas County case was in default, Cavalry SPV LLC claimed the right to collect the debt had been assigned to it.

10. After entry of the default judgment against Ms. Mattson, Kohn Law Firm and Cavalry SPV began periodic earnings garnishments against Ms. Mattson. These earnings garnishments continued, unopposed, until December, 2016.

11. On or about December 28, 2016, Cavalry and Kohn filed an earnings garnishment petition in Douglas County against Ms. Mattson, case number 15CV473.

12. Said petition asserted Ms. Mattson owed $2,644.86 as the "Unpaid balance on judgment" and added in additional costs and interest to assert that Ms. Mattson owed a new total of $2,753.23.

13. Ms. Mattson then wrote Cavalry, on January 13, 2017, and asked for "Documentation of ALL credits and debits to the balance owed."

14. Ms. Mattson did so because she believed that she had paid the judgment in full through prior earnings garnishments, and wanted to determine how Kohn and Cavalry were coming up with the figures in the December 2016 garnishment pleadings.

15. Cavalry's counsel, Kohn Law Firm, S.C., responded to Mattson's letter on January 30, 2017, by providing only a copy of the order for judgment and judgment, as well as a notice of assignment of judgment. This response did not in any way provide documentation of payments Mattson had made or otherwise give her helpful information.

16. Ms. Mattson had to call Kohn Law Firm, S.C. to ask for the information a second time. At that time, Mattson was told by Kohn that they could not give her a figure for the interest which had been added to the judgment, but that Kohn would provide her a ledger card showing her payments and other charges, and that the ledger card would include the interest amounts.

17. On February 8, 2017, was Mattson given a 'ledger card' for the file, which purported to show the amount owed. This ledger card did not include interest added to the judgment or a calculation of how that interest had been compounded, paid, or credited.

18. The ledger card also was missing at least one payment made by Ms. Mattson, a payment of $239.84 which was made on October 31, 2012, but does not appear on the ledger card.

19. Based on the numbers on the ledger card, it is impossible to determine how the figures of $2,644.86, or $2,753.23, were arrived at in the latest earnings garnishment pleading.

20. Ms. Mattson filed an answer to the earnings garnishment, asserting that the amount sought was incorrect and that she had paid more than was calculated. Kohn and Cavalry have opposed that answer.

21. Since 2010, five attorneys of record have appeared on behalf of Cavalry SPV in the state court case. Upon information and belief, each of those attorneys were employed, at the time they appeared in the Douglas County action, by Kohn Law Firm. An additional two employees, based on pleadings in the case, took part in the collection action on behalf of Kohn Law Firm without making a formal appearance.

22. Kohn Law Firm engages primarily in the business of helping others collect money owed to them, and the money owed for the majority of such collection activities is money owed or alleged to be owed for personal, family, or household purposes. Further, Kohn Law Firm, S.C. regularly uses the mails in its business of collecting debts.

23. Kohn Law Firm on its website advertises that it employs 12 attorneys and 125 employees to conduct its collection business.

24. The initial pleadings in the Douglas County case were signed by Meghan MacKelly of Kohn Law Firm, S.C. Upon information and belief, Ms. MacKelly no longer works at Kohn Law Firm, S.C.

25. More recent correspondence and papers filed with the court have been signed by Nicholas A. Smith of Kohn Law Firm, S.C.

26. Kohn Law Firm, S.C. engages in extremely vast litigation activities, and boasts on its website of covering clients across the entire state of Wisconsin. Its clients are primarily large national credit issuers and debt buyers, but also include municipalities and smaller businesses.

27. Since his admission to the Wisconsin bar approximately seven years ago, Atty. Smith has been attorney of record in a substantial number of cases. Wisconsin's online court database ("CCAP") reveals that Attorney Smith is, as of this filing, a party attorney in more than 5,000 entries on which Attorney Smith is or was counsel of record since being admitted to the bar. Mr. Smith has over 70 "open" garnishment cases alone which are currently active, and in a great many cases listed as "closed" there will, upon information and belief, be ongoing litigation, as most collection activity done by Kohn takes place after a case is listed as "closed."

28. Upon information and belief, Atty. MacKelly and other attorneys working on this case over time had a similarly unreasonable caseload during their time at Kohn Law Firm, S.C.

29. Given the extreme volume of cases taken on by Kohn Law Firm, S.C. and Atty. Smith, it would be impossible for Atty. Smith or any of the attorneys at Kohn Law Firm, S.C. to be meaningfully involved in every case filed.

30. Kohn Law Firm, S.C. and Atty. Smith were not meaningfully involved in the reviewing, assessing, filing or prosecution of the Douglas County cases filed against Ms. Mattson. This is evidenced by, among other factors, the following:

    a. Given the overwhelming volume of cases assigned to or handled by Atty. Smith and other attorneys at Kohn Law Firm, S.C., it would be impossible for the attorneys signing said complaints to have meaningful review, assessment, and involvement in all of the cases filed.

    b. Most documents, if not all, sent or filed by Kohn Law Firm are form documents on which an attorney's signature has been electronically placed or stamped; in many cases there is no signature at all, but only an indication that

4

    the document was "electronically signed," a practice that is not allowed in state court cases.

  c. Attorneys when called about debts are not able to give information about the debt or how it was calculated, as demonstrated by Ms. Mattson's experience.

  d. Attorneys give rote standardized responses to inquiries, such as giving the most recent pleadings in response to a request for detailed information about the debt; this indicates the attorney did not take the time to review the request or respond to it individually.

## First Cause of Action: Violation of 15 U.S.C. § 1692e
### (Defendant Kohn Only)

31.  The plaintiff re-allege and incorporate by reference all previous allegations.

32.  The FDCPA, at 15 U.S.C. § 1692e, requires that debt collectors refrain from falsely representing or implying that an attorney was meaningfully involved in the debt collection process when in fact an attorney was not meaningfully involved.

33.  Kohn Law Firm, S.C. falsely represented or implied that an attorney was meaningfully involved in the debt collection process when it filed pleadings, including the December 2016 garnishment pleadings, against Ms. Mattson.

34.  In fact, there was no meaningful attorney involvement in the debt collection process, as evidenced by Kohn Law Firm, S.C. and Atty. Smith's extreme caseload, and the lack of specificity and inadequacy of the pleadings and responses.

35.  Ms. Mattson was unable to determine whether the amount that she allegedly owed was accurate, and as a result had to hire an attorney to assist her in that process, as well as suffering from distress and uncertainty about the garnishment.

36.  As a direct and proximate result of the foregoing, the plaintiff is entitled to an award of statutory damages and actual damages.

## Second Cause of Action: Violation of Federal Fair Debt Collection Practices Act:
### (Both Defendants)

37. The plaintiffs re-allege and incorporate by reference all previous allegations.

5

38. Defendants, in claiming that Ms. Mattson owed $2,644.86, or $2,753.23, falsely represented the amount of the debt it was owed, in that said amount should have been reduced by not less than the October 2012 payment of $239.84; the failure to credit that payment means that Ms. Mattson has been being charged interest on, and paying interest by garnishment, $239.84 of a debt that did not exist, and this violates 15 USC 1692e(2)(A).

39. Defendants' in attempting to collect the amounts shown on the December 2016 garnishment were attempting to collect money which had already been paid, and thus also collected an amount which was not permitted by the agreement creating the debt or by law, violating 15 USC 1692f (1).

40. Defendants, by refusing to disclose their interest calculations, engaged in unfair and unconscionable practices by preventing Mattson from determining the correct amount she might owe, in violation of 15 USC 1692f (1).

41. Ms. Mattson is thus entitled to up to $1,000 in statutory damages, the emotional distress and pecuniary losses caused by Cavalry's conduct, and her reasonable attorney's fees in an amount to be determined.

### Third Cause of Action: Violations of Wisconsin Consumer Act (Both Defendants):

42. Reallege and incorporate the foregoing as though set forth fully at this point.

43. Cavalry's conduct also violates sections 427.104(1)(j), Wis. Stats. by claiming a right to collect interest on money without crediting Ms. Mattson's payments.

44. Defendants' conduct is done with an intentional disregard of Ms. Mattson's rights under Wisconsin law, and as a result Ms. Mattson is entitled to punitive damages.

45. Further, Defendants' conduct in the underlying state court litigation involved an action brought by the plaintiffs, and said alleged conduct is and was unconscionable under section 425.107, Wis. Stats., and the Court is requested to (a) enjoin any and all further collection activity, including but not limited to garnishments, maintaining a judgment of record, and reporting to credit bureaus and (b) requested to order that the judgment in this matter be vacated and dismissed, and (c) requested to order that Cavalry disgorge all payments since October 2012 as a remedy for the unconscionable actions herein.

**Prayer for Relief**

**WHEREFORE**, the plaintiff respectfully requests that the Court find that the defendants have violated the FDCPA and Wisconsin Consumer Act and award such relief as the Court finds necessary to redress the injuries to the plaintiff arising from the defendant's conduct, including but not limited to statutory damages, actual damages, punitive damages, and attorney's fees.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES IN THIS ACTION.**

Dated: **April 18, 2017.**  **Lawton & Cates**
Attorney for Plaintiff

*/s/ Briane F. Pagel, Jr.*
Briane F. Pagel, Jr.
Bar no: 1025514

P.O. Address:
345 W. Washington Ave. #201
Madison, WI 53703
P: 608.282.6200
F: 608.282.6252
bpagel@lawtoncates.com